IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-06-0171 |
| LAMONTE BROWN | * | |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| LAMONTE BROWN | * | |
| v. | * | Civil No. RDB-08-1060 |
| UNITED STATES OF AMERICA | * | |

## MEMORANDUM OPINION

On April 28, 2008, Lamonte Brown ("Brown" or "Petitioner"), a federal prison inmate, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Having pled guilty to possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841, Brown challenges the sentence of 135 months that was imposed on April 24, 2007. The Government has filed an opposition to Brown's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. No hearing is necessary to decide this matter. *See* Local Rule 105.6 (D. Md. 2008). This Court will, by separate order, DENY Brown's motion.

## BACKGROUND

The facts of the underlying criminal case, as stipulated to in the plea agreement, are not in dispute. On or about January 1, 2004, and continuing thereafter until on or about April 27, 2006, Brown participated in a large and widespread drug trafficking conspiracy in Maryland and Delaware. In his role as a "middle man," Brown would pick-up large quantities of cocaine and "crack" from his supplier and then subsequently deliver the drugs to another supplier.

The Government built its case against Brown and his co-conspirators with evidence

obtained from court authorized wiretaps, seizures, video surveillance tapes, and cooperating witnesses. Brown ultimately challenged the admissibility of certain wiretaps that were granted on the basis of two affidavits that allegedly included "intentionally false" information. He argued that two of these affidavits were inconsistent in that Affidavit 10 labeled Brown as the deliverer of drugs to Tylon Estep on a drug transaction, while Affidavit 9 named a "Roger Gordon" as the deliverer of drugs on the same transaction. In his motion to suppress the wiretap Brown argued that the police officer affiant misled the magistrate judge by using fabricated evidence to obtain the wiretap. The motion to suppress was denied, after a full evidentiary hearing was held on November 27, 2006.

Brown pled guilty under Count 14 of the Second Superseding Indictment for possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(b)(2)(B) and received a 135 month sentence. On April 28, 2008, Brown filed the instant motion challenging his sentence

## ANALYSIS

Brown first claims that defense counsel rendered ineffective assistance in regards to the wiretap suppression motion and for counsel's failure to file a motion for reconsideration. There is a two-part test which must be satisfied in order for a petitioner to prevail on a claim of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first part of the test requires a showing "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Under the second part of the test, the petitioner must show "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial

whose result is reliable." *Id.* Thus, the petitioner must demonstrate not only that counsel's deficient conduct had a reasonable probability of affecting the outcome of the proceeding, but that, because of it, the "result of the proceeding was fundamentally unfair or unreliable . . . ." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). The defendant bears the burden of proving *Strickland* prejudice. *See Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983). Moreover, a defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden to meet. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Brown's ineffective assistance of counsel claim is without merit as it clearly fails to satisfy the two-prong test set forth in *Strickland v Washington*. First, there is no showing that defense counsel's performance was deficient. Brown's claim that defense counsel allowed the Government to use false evidence to gain a conviction is without merit because defense counsel took the affirmative steps to file a motion to suppress evidence obtained by the wiretap. Also, a full evidentiary hearing was held which properly addressed any conflicting wiretap affidavits. Defense counsel did not "intentionally misrepresent material facts" at the evidentiary hearing and the result of the proceeding was fair and reliable.

Moreover, Brown has not shown that he was prejudiced by the affidavits that were used to acquire a wiretap warrant which led to his indictment. "Under the good faith exception to the warrant requirement, evidence obtained from an invalidated search warrant will be suppressed only if 'the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.'" *United States v. Lalor*, 996 F.2d 1578, 1583 (4th Cir. 1993) (quoting *United States v. Leon*, 468 U.S. 897, 926 (1984)). Here, the inconsistency in the affidavits used to obtain a warrant for the wiretap which led to Brown's indictment was resolved by testimony at the evidentiary hearing. This Court

determined that the police officer affiant acted in good faith in procuring the warrant. In sum, nothing in the record suggests that his counsel's performance prejudiced him or that his guilty plea was involuntary, thus his ineffective assistance of counsel claim has no merit.

Brown further argues that his counsel was ineffective for not filing a motion for reconsideration after the motions hearing. However, Brown has not shown that he suffered any prejudice insofar as the outcome of his case would have been different had such a motion been filed. *See Talbott v. Johnson*, No. 06-633, 2007 U.S. Dist. LEXIS 23703, at *6 (W.D. Va. Mar. 30, 2007) (concluding that "it is reasonable to conclude that [petitioner's] claim regarding counsel's failure to file a motion for reconsideration does not state a constitutional claim of ineffective assistance.").

Finally, Brown claims that his sentencing calculation is incorrect. The U.S. Federal Sentencing Guidelines followed in this matter are considered advisory in nature. *See United States v. Booker*, 543 U.S. 220 (2005). "A non-constitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999). In *Mikalajunas*, the Fourth Circuit stated that it joined its "sister circuits in holding that a misapplication of the guidelines typically does not constitute a miscarriage of justice." *Id.*

Here, Brown alleges his 135 month sentence should have been classified under Category III of the Guidelines, which provides for a sentencing range of 121 to 151 months. U.S. Sentencing Guidelines Manual, §3E1.1. This Court reduced his sentence to an offense level of 30, and his 135 month sentence is within the Category III range of 121 to 151 months. Thus, the record shows that no error was committed in the sentencing process, let alone any error resulting

"in a complete miscarriage of justice." *Mikalajunas*, 186 F.3d at 496.

## CONCLUSION

In conclusion, Brown's claims are without merit and his Motion to Vacate, Set Aside or Correct Sentence is DENIED. A separate Order follows.

June 8, 2009

/s/ *Richard D. Bennett*
Richard D. Bennett
United States District Judge